IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| AVE GREENEVILLE, LLC | * |
| | * |
|     Plaintiff | * |
| | * |
| VS. | *   Case No. 2:23-cv-22 |
| | * |
| FIRST COMMUNITY BANK OF | * |
| EAST TENNESSEE, | * |
| | * |
|     Defendant. | * |

# ANSWER

Defendant First Community Bank of East Tennessee in answer to the complaint of Plaintiff AVE Greeneville, LLC states as follows:

1. Answering paragraph 1, it is denied that Plaintiff has stated a claim or cause of action against the Defendant arising out of a commercial loan transaction that failed to close or otherwise.

2. Answering paragraph 2, the allegations contained therein are denied. Defendant avers that it issued a commitment letter to Plaintiff dated November 24, 2021, the terms of which speak for themselves and based on Plaintiff's admission in its pleadings, expired by its own terms.

3. Answering paragraph 3, it is admitted that Defendant issued to Plaintiff a term sheet dated April 19, 2022 "FOR DISCUSSION PURPOSES ONLY." The remaining allegations contained in paragraph 3, to the extent they conflict with the above response, are denied.

4. Answering paragraph 4, Defendant is without knowledge or information sufficient to form a belief regarding Plaintiff's reliance or other conduct as described in paragraph 4. The remaining allegations contained in paragraph 4 are denied.

5. Answering paragraph 5, the allegations contained therein are denied.

6. Answering paragraph 6, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

7. Answering paragraph 7, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

8. Answering paragraph 8, the allegations contained therein are admitted.

9. Answering paragraph 9, it is admitted that this Court has jurisdiction over this action, to the extent a claim for relief has been stated.

10. Answering paragraph 10, it is admitted that venue is proper in this Court, to the extent a claim for relief has been stated.

11. Answering paragraph 11, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

12. Answering paragraph 12, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

13. Answering paragraph 13, the allegations contained therein are admitted.

14. Answering paragraph 14, the allegations contained therein are admitted. Defendant avers that the October 14, 2021 Term Sheet states on its face: "THIS TERM SHEET IS FOR DISCUSSION PURPOSES ONLY AND DOES NOT CONSTITUTE A FORMAL COMMITMENT."

15. Answering paragraph 15, it is admitted that Defendant issued the commitment letter dated November 24, 2021, a copy of which is attached to Plaintiff's complaint. The remaining allegations contained in paragraph 15 are denied. Defendant avers that the November 24, 2021 commitment letter based on Plaintiff's admissions in its pleadings, expired by its own terms.

16. Answering paragraph 16, the allegations contained there are denied inasmuch as the terms of the November 24, 2021 commitment letter speak for themselves.

17. Answering paragraph 17, the allegations contained there are denied inasmuch as the terms of the November 24, 2021 commitment letter speak for themselves.

18. Answering paragraph 18, the allegations contained there are denied inasmuch as the terms of the November 24, 2021 commitment letter speak for themselves.

19. Answering paragraph 19, it is admitted that Plaintiff acknowledged and accepted the November 24, 2021 commitment letter on December 16, 2021, one day prior to the stated deadline. The remaining allegations contained in paragraph 19, to the extent they conflict with the above response, are denied.

20. Answering paragraph 20, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

21. Answering paragraph 21, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

22. Answering paragraph 22, it is admitted that Plaintiff requested that Defendant retain the services of a national appraiser. The remaining allegations contained in paragraph 22, to the extent they conflict with the above response, are denied.

23. Answering paragraph 23, the allegations contained therein are denied. Defendant avers that the new appraiser was requested by Plaintiff the services for which Plaintiff agreed to pay.

24. Answering paragraph 24, the allegations contained therein are denied. Defendant avers that the new appraiser was requested by Plaintiff the service for which Plaintiff agreed to pay.

25. Answering paragraph 25, the allegations contained therein are admitted.

26. Answering paragraph 26, the allegations contained therein are admitted.

27. Answering paragraph 27, it is admitted that the parties continued communicating regarding a proposed loan transaction after the November 24, 2021 commitment letter expired by its own terms. The remaining allegations contained in paragraph 27, to the extent they conflict with the above response, are denied.

28. Answering paragraph 28, it is admitted that a copy of the April 19, 2022 Term Sheet is attached as Exhibit B to the Plaintiff's complaint. The remaining allegations contained in

paragraph 28, to the extent they conflict with the above response, are denied. Defendant avers that the April 19, 2022 term sheet states on its face: "THIS TERM SHEET IS FOR DISCUSSION PURPOSES ONLY AND DOES NOT CONSTITUTE A FORMAL COMMITMENT."

29. Answering paragraph 29, the allegations contained therein are denied inasmuch as the terms of the April 22, 2022 term sheet speak for themselves.

30. Answering paragraph 30, Defendant admits that it was Defendant's desire to close the proposed loan to Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

31. Answering paragraph 31, the allegations contained therein are denied.

32. Answering paragraph 32, the statement contained in the e-mail of Defendant's counsel attached as Exhibit C to the Plaintiff's complaint are admitted. The remaining allegations contained in paragraph 32 are denied.

33. Answering paragraph 33, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

34. Answering paragraph 34, it is admitted that Defendant was provided with a copy of the Planet Fitness lease. Defendant denies that any of its actions or inactions gave rise to or created the risk of a material breach of the Planet Fitness lease. The remaining allegations contained in paragraph 34, to the extent they conflict with the above responses, are denied.

35. Answering paragraph 35, the allegations contained therein are denied.

36. Answering paragraph 36, Defendant admits that the document attached as Exhibit D to the Plaintiff's complaint purports to be a commitment letter dated August 10, 2022 issued by HomeTrust Bank. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

37. Answering paragraph 37, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

38. Answering paragraph 38, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

39. Answering paragraph 39, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

40. Answering paragraph 40, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

41. Answering paragraph 41, it is expressly denied that any action or conduct of the Defendant or inaction by the Defendant caused the Plaintiff any damage or loss. The allegations contained in paragraph 41 with respect to a fixed interest rate of 4.24% negotiated with the Defendant are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

42. Answering paragraph 42, Defendant adopts and incorporates herein by reference its responses to paragraphs 1-41 of the Plaintiff's complaint.

43. Answering paragraph 43, it is admitted that Defendant in its interactions with Plaintiff was acting as a lender and that Defendant was engaged in the business of lending in accordance with applicable law. The remaining allegations contained in paragraph 43, to the extent they conflict with the above response, are denied.

44. Answering paragraph 44, the allegations contained therein are denied.

45. Answering paragraph 45, the allegations contained therein are denied.

46. Answering paragraph 46, the allegations contained therein are denied.

47. Answering paragraph 47, the allegations contained therein are denied.

48. Answering paragraph 48, Defendant adopts and incorporates herein by reference its responses to paragraphs 1-47 of the Plaintiff's complaint.

49. Answering paragraph 49, Defendant admits that it promised to and did negotiate in good faith with Plaintiff with respect to a proposed financing of a fitness center to be located in Greeneville, Tennessee. The remaining allegations contained in paragraph 49, to the extent they conflict with the above response, are denied.

50. Answering paragraph 50, the allegations contained therein are denied.

51. Answering paragraph 51, the allegations contained therein are denied.

52. Answering paragraph 52, Defendant denies that it did not intend to perform any promise made to the Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

53. Answering paragraph 53, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

54. Answering paragraph 54, the allegations contained therein are denied.

55. Answering paragraph 55, Defendant adopts and incorporates herein by reference its responses to paragraphs 1-54 of the Plaintiff's complaint.

56. Answering paragraph 56, the allegations contained therein are denied.

57. Answering paragraph 57, the allegations contained therein are denied. Defendant avers that any commitments made to Plaintiff to loan Plaintiff money was pursuant to a written commitment letter dated November 24, 2021 which by Plaintiff's admissions in its pleadings, expired by its own terms.

58. Answering paragraph 58, the allegations contained therein are denied. Defendant avers that any commitment made to Plaintiff to loan Plaintiff money was pursuant to a written commitment letter dated November 24, 2021 which by Plaintiff's admissions in its pleadings, expired by its own terms.

59. Answering paragraph 59, the allegations contained therein are denied.

60. Answering paragraph 60, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

61. Answering paragraph 61, the allegations contained therein relating to or alleging facts regarding Defendant or Defendant's knowledge are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

62. Answering paragraph 62, the allegations contained therein are denied.

63. Answering paragraph 63, the allegations contained therein are denied.

64. Answering paragraph 64, the allegations contained therein are denied.

65. All allegations of Plaintiff's complaint not hereinabove either admitted or denied are hereby expressly denied.

**AS AFFIRMATIVE DEFENSES,** Defendant First Community Bank of East Tennessee avers as follows:

1. Plaintiff's complaint fails to state a claim upon which relief can be granted and should be dismissed.

2. To the extent Plaintiff seeks to enforce or rely upon an alleged oral promise to lend money or to extend credit made by Defendant, such claim is barred by the applicable provisions of the *Statute of Frauds*, as adopted in Tennessee, T.C.A. § 29-2-101(b)(1).

3. Plaintiff's claim of promissory estoppel fails inasmuch as promissory estoppel is unavailable to overcome the bar of the statute of frauds, absent exceptional circumstances verging on actual fraud which are not pled by Plaintiff and are not present in this case.

4. Plaintiff has failed to plead its promissory estoppel claim and/or its promissory fraud claim with sufficient particularity as required by Fed. R. Civ. P. 9(b).

5. With respect to Plaintiff's claim of negligent misrepresentation, Defendant avers that the Plaintiff's negligence with respect to the loan transaction at issue equaled or exceeded that of Defendant and, therefore, Plaintiff's claim of negligent misrepresentation is barred by the doctrine of comparative fault.

**WHEREFORE**, Defendant First Community Bank of East Tennessee requests that this action be dismissed.

**HUNTER, SMITH & DAVIS, LLP**

By: _/s/Mark S. Dessauer_
William C. Argabrite, Esq. (006080)
Mark S. Dessauer, Esq. (010421)
HUNTER, SMITH & DAVIS, LLP
1212 North Eastman Road
Post Office Box 3740
Kingsport, Tennessee 37664-0740
(423) 378-8840; Fax: (423) 378-8801
Attorneys for Defendant, First Community Bank of East Tennessee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Answer** has been served upon all parties by electronic mail, facsimile transmission, hand delivery or by mailing a copy of same by United States Mail, postage prepaid, to the following on this the 27th day of March, 2023:

>Eugene N. Bulso, Jr. (No. 12005)
>BULSO PLC
>155 Franklin Road, Suite 400
>Brentwood, Tennessee 37027
>gbulso@bulso.com

**HUNTER, SMITH & DAVIS, LLP**

BY: */s/Mark S. Dessauer*
       Mark S. Dessauer