UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| AVE GREENEVILLE, LLC, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> FIRST COMMUNITY BANK OF EAST ) <br> TENNESSEE, ) <br> ) <br> *Defendant.* ) | Case No. 2:23-CV-22 <br><br> Judge Curtis L. Collier |

## **M E M O R A N D U M**

Before the Court is Defendant First Community Bank of East Tennessee's motion for judgment on the pleadings on Plaintiff AVE Greeneville, LLC's claims against it. (Doc. 21.) Plaintiff has responded (Doc. 25) and Defendant has replied (Doc. 26). For the reasons set out below, the Court will **GRANT** Defendant's motion. (Doc. 21).

**I.     BACKGROUND**

Plaintiff's action arises out of a commercial loan transaction negotiation.[1] (Doc. 1 ¶ 1.) Plaintiff AVE Greeneville, LLC is a legal entity formed by Chad Hagle ("Mr. Hagle") for the purpose of developing a new location of Planet Fitness, a fitness center chain. (*Id*. ¶ 12.) Mr. Hagle is a "developer for several leading pharmacy, supermarket, and fitness center chains." (*Id*. ¶ 11.) The parties entered into discussions about Defendant providing a loan for Plaintiff's construction of a Planet Fitness in the fall of 2021. (*Id*. ¶ 4, 13.) Defendant sent Plaintiff a term sheet on October 14, 2021. (*Id*. ¶ 14.) After agreeing to the terms, Defendant issued a commitment letter containing substantially similar terms on November 24, 2021. (*Id*. ¶ 15.) The commitment

---

[1] This summary of the facts accepts all the factual allegations in Plaintiff's complaint as true. *See Coley v. Lucas Cty.*, 799 F.3d 530, 537 (6th Cir. 2015). The Court disregards the assertions of fact not pleaded in Plaintiff's complaint. *See* Fed. R. Civ. P. 12(d).

letter stated the loan was "subject to, but not limited to, the [included] terms and conditions," and contained an expiration date of March 15, 2022. (Doc. 1-1 at 1, 3.) Defendant accepted the commitment letter on December 16, 2021, but the commitment letter expired by its terms as the loan did not close by March 15, 2022. (*Id*. ¶¶ 19, 26.)

Defendant continued to communicate with Plaintiff or its consultant both "orally and in writing that it intended to move forward with the loan." (*Id*. ¶ 27.) Defendant issued a new term sheet, which the parties executed on April 22, 2022. (Docs. 1 ¶ 28, 1-1.) The header of the term sheet stated in bold and all caps: "This term sheet is for discussion purposes only and does not constitute a formal commitment." (Doc. 1-2 at 1.) The term sheet did not state a date by which the parties agreed to close the loan. (Doc. 1-2.)

In reliance on Defendant's representations, Plaintiff retained a general contractor for construction of the fitness center and entered a lease with Planet Fitness. (Doc. 1 ¶¶ 4, 33.) The lease bound Plaintiff to a specific construction schedule, and failure to comply entitled Planet Fitness to terminate the agreement. (*Id*. ¶ 33.) Defendant was aware of Plaintiff's lease requirements and the consequences of non-compliance. (*Id*. ¶ 34.)

On or about August 8, 2022, just prior to Plaintiff's beginning construction, Defendant expressed its intent to close the loan with Plaintiff. (*Id*. ¶ 30.) The same day, Defendant told Plaintiff's consultant that it required two weeks to complete an internal feasibility analysis before closing the loan, which had not been previously discussed with Plaintiff. (*Id*. ¶¶ 31–32.) "[D]efendant concocted a need" for the internal feasibility analysis, and "refused to lend the funds needed to construct the facility." (*Id*. ¶ 4.) Defendant issued an ultimatum to Plaintiff, and placed Plaintiff in a position to choose between altering the construction timeline to accommodate a feasibility study or finding a new lender. (*Id*. ¶ 5.)

2

Plaintiff alleges Defendant's representation that it intended to close the loan in accordance with the terms set out in the term sheet was false, in that Defendant "did not intend to close the loan unless and until it conducted an 'internal feasibility analysis' that would delay the proposed transaction beyond the scheduled date of the commencement of construction." (*Id*. ¶¶ 44–45.) Further, Plaintiff alleges when Defendant promised to negotiate in good faith regarding the loan, it did not intend to perform such promise. (*Id*. ¶ 49–50.)

In an effort to mitigate its damages, Plaintiff secured financing with an alternative lender on August 10, 2022. (*Id*. ¶¶ 35, 36, Doc. 1-4.) The terms of Plaintiff's loan were less favorable than those in the term sheet executed with Defendant. (Doc 1. ¶¶ 39–41.)

Plaintiff filed a complaint on February 28, 2023, seeking compensatory damages and other relief. (Doc. 1 at 1, 10.) Plaintiff alleges negligent misrepresentation, promissory fraud, and promissory estoppel. (Doc. 1 at 7–10.) Defendant filed an answer on March 27, 2023. (Doc. 11.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), a party may move for a judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. In the Sixth Circuit, the standard of review for a motion on the pleadings is the same standard applied in a motion to dismiss under Federal Rule of Civil Procedure 12(b). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). A court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Coley v. Lucas Cnty., Ohio*, 799 F.3d 530, 537 (6th Cir. 2015). Bare legal conclusions, however, need not be accepted as true. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). In addition, all ambiguities must be resolved in the plaintiff's favor. *Carter by Carter v. Cornwell*, 983 F.2d 52, 54 (6th Cir. 1993) (citing *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577 (6th Cir. 1992)).

The defendant bears the burden of showing that the complaint has not stated a claim for relief. *Coley*, 799 F.3d at 537. Under Federal Rule of Civil Procedure 8(a), "[a]mong other requirements, a complaint must include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Mays v. Los Portales Rest.*, No. 23-5544, 2024 U.S. App. LEXIS 612, at *4 (6th Cir. Jan. 9, 2024) (quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion on the pleadings, a complaint must present sufficient facts which, if true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when there are sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether the complaint satisfies facial probability, a court must "draw on its judicial experience and common sense." *See id.* at 679. If a party presents matters outside the pleadings, the court must either exclude those matters from consideration or treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). Documents attached to the pleadings are considered part of the pleadings. Fed. R. Civ. P. 10(c).

### III. DISCUSSION

This Court has jurisdiction based on diversity pursuant to 28 U.S.C. § 1332, and Tennessee substantive law governs the causes of action alleged by Plaintiff. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 762 (6th Cir. 2008).

#### A. Negligent Misrepresentation

"[N]egligent misrepresentation concerns businesses or professional persons who negligently supply false information for the guidance of others in their business transactions." *Brown v. Woodbury Auto Grp. LLC*, Civil Action No. 3:21-cv-00955, 2023 U.S. Dist. LEXIS 41502, at *16–17 (M.D. Tenn. Feb. 22, 2023) (quotation and citation omitted). To state a claim

4

of negligent misrepresentation, a plaintiff must plausibly allege (1) the defendant was acting in the course of business, profession, or employment, or in a transaction in which the defendant had a pecuniary interest; (2) the defendant supplied faulty information meant to guide others in their business transactions; (3) the defendant failed to exercise reasonable care in obtaining or communicating the information; and (4) the plaintiff justifiably relied upon the information. *Id*. (citing *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 751–52 (6th Cir. 2014)).

Claims of negligent misrepresentation are governed by Federal Rule of Civil Procedure 9(b). *Thompson*, 773 F.3d at 751 (citing *Pugh v. Bank of Am.*, No. 13-2020, 2013 U.S. Dist. LEXIS 92959, at *16 (W.D. Tenn. July 2, 2013)). Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." To satisfy Rule 9(b), a plaintiff must (1) specify the time, place, and content of the alleged misrepresentation, (2) identify the fraudulent scheme and the fraudulent intent of the defendant, and (3) describe the injury resulting from the fraud. *Thompson*, 773 F.3d at 751 (citing *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008)).

Here, Plaintiff alleges Defendant "represented that it intended to close the loan in accordance with the terms set out in the term sheet" and "[t]his representation was false" as Defendant "did not intend to close the loan unless and until it conducted an 'internal feasibility analysis' that would delay the proposed transaction." (Doc. 1 ¶¶ 44–45.)

First, Plaintiff does not identify a fraudulent scheme as required by Rule 9(b). Plaintiff's claim that Defendant did not intend to close the loan until after completion of an internal feasibly analysis does not constitute a claim of a fraudulent scheme. Further, Plaintiff's complaint identifies only one specific date of alleged misrepresentation—August 8, 2022—when Defendant

5

expressed its "intent to close the loan." (Doc. 1 ¶ 30.) However, by August 8, 2022, Defendant had already hired a contractor and entered a lease with Planet Fitness. (*Id*. ¶¶ 4, 33.) Plaintiff therefore fails to identify a specific time or place Defendant made misrepresentations that Plaintiff later relied on to its detriment.

Second, Plaintiff does not satisfy the Rule 8 plausibility requirement for the claim of negligent misrepresentation. Plaintiff does not identify faulty information supplied to it by Defendant. Plaintiff does not allege any representation by Defendant, either oral or written, regarding the date by which it expected to close the loan or providing a full list of loan requirements. The header on the term sheet states the document is "for discussion purposes only and does not constitute a formal agreement." (Doc. 1-2 at 1.) The term sheet did not provide a specific date by which Defendant would issue a commitment letter or loan documents for execution, nor did it purport to include all terms of the potential loan. Plaintiff fails to show that Defendant's not intending to close the loan until completion of an internal feasibility analysis contradicted Defendant's intent to close the loan in accordance with the term sheet, or was otherwise faulty.

Plaintiff also does not allege it determined whether Defendant would in fact close the proposed loan after Defendant communicated the requirement of an internal feasibility analysis on August 8, 2022. Defendant's communicating the need for an internal feasibility study does not suggest it did not intend to close the loan at a future date. Further, even if Defendant had a duty to disclose the need for an internal feasibility study, or to ultimately close the loan, failure to do so is not tantamount to supplying Plaintiff with false information or failing to exercise reasonable care in communicating. *See Bluff City Partners, LLC* v. 22 N. Third, LLC, No. 2:19-cv-02137-

6

Case 2:23-cv-00022-CLC-CRW    Document 27    Filed 03/28/24    Page 6 of 11    PageID #: 149

SHL-cgc, 2019 U.S. Dist. LEXIS 241986, at *32 (W.D. Tenn. Nov. 15, 2019). Plaintiff fails to plead facts to state a claim of negligent misrepresentation.

Plaintiff does not state a claim of negligent misrepresentation that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, the Court will **GRANT** the motion for judgment on the pleadings as to Plaintiff's negligent misrepresentation claim, which will be **DISMISSED**.

### B. Promissory Fraud

"In Tennessee, fraud, intentional misrepresentation, and fraudulent misrepresentation comprise the same tort, which is typically referred to as intentional misrepresentation." *Brown*, Civil Action No. 3:21-cv-00955, 2023 U.S. Dist. LEXIS 41502, at *15 (citing *Thompson*, 773 F. 3d at 751. "Promissory fraud is a type of fraud perpetuated by means of a false promise of future action." *Smith v. Bank of Am.*, No. 3-13-0117, 2013 U.S. Dist. LEXIS 68822, at *9 (M.D. Tenn. May 15, 2013) (citing *Shahrdar v. Global Housing, Inc.*, 983 S.W.2d 230, 237 (Tenn. Ct. App. 1998); *Roopchan v. ADT Security Systems, Inc.*, 781 F. Supp. 2d 636, 653 (E.D. Tenn. 2011)). To make a showing of promissory fraud, a plaintiff must plead facts that demonstrate "a promise or representation was made with the intent not to perform." *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 567 (6th Cir. 2003) (quoting *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 499 (Tenn. 1978)).

The elements of a promissory fraud claim are (1) an intentional misrepresentation with regard to a material fact; (2) knowledge of the falsity of the misrepresentation—that the representation was made knowingly or without belief in its truth or recklessly without regard to its truth; (3) the plaintiff's reasonable reliance on the misrepresentation and resulting damage; and (4) the misrepresentation embodies a promise of future action without the present intention to carry

out the promise. *Smith* No. 3-13-0117, 2013 U.S. Dist. LEXIS 68822, at *8–9. (citing *Carbon Processing and Reclamation, LLC v. Valero Marketing and Supply Co.*, 823 F.Supp.2d 786, 814 (W.D. Tenn. 2011)).

"[T]o make out a promissory fraud claim, it is not sufficient to allege someone made a promise but did not follow through." *Burgess v. Bluegreen Vacations Unlimited, Inc.*, No. 3:18-cv-119, 2019 U.S. Dist. LEXIS 237637, at *37 (E.D. Tenn. Mar. 27, 2019) (citing *Am. Cable Corp. v. ACI Mgmt., Inc.*, No. M199700280C0AR3CV, 2000 Tenn. App. LEXIS 615, 2000 WL 1291265, at *5 (Tenn. Ct. App. Sept. 14, 2000) (holding it was not capable evidence of promissory fraud standing alone to show that someone promised to pay another for their work without that later happening)). "Not every broken promise starts with a lie. To make the fraudulent intent showing, more is needed." *Id*. (citation omitted). "To be actionable, an alleged misrepresentation must relate to a material past or existing fact." *Hyden v. CH3 Sols., LLC*, No. 1:20-cv-119, 2021 U.S. Dist. LEXIS 249968, at *13–14 (E.D. Tenn. Oct. 20, 2021) (citing *Harris v. Nationwide Mut. Fire Ins. Co.*, 367 F. Supp. 3d 768, 777 (M.D. Tenn. 2019)). "Neither 'statements of opinion or intention' nor 'conjecture or representations concerning future events' are actionable, regardless of whether they later prove to be false." *Id*. (citing *McElroy v. Boise Cascade Corp.*, 632 S.W.2d 127, 130 (Tenn. Ct. App. 1982)). "A misrepresentation must also be specific and quantifiable." *Id*. (citing *Am.'s Collectibles Network, Inc. v. Sterling Commerce (Am.), Inc.*, No. 3:09-cv-143, 2016 U.S. Dist. LEXIS 195369, 2016 WL 9132294, at *12 (E.D. Tenn. Sept. 16, 2016)). Vague and general statements do not suffice. *Id*. (citation omitted).

Rule 9(b) governs claims of promissory fraud. *See Pugh*, No 13-2020, 2013 U.S. Dist. LEXIS 92959, at *38 (citing *Power & Tel. Supply Co. v. SunTrust Banks, Inc.*, 447 F.3d 923, 931

8

Case 2:23-cv-00022-CLC-CRW Document 27 Filed 03/28/24 Page 8 of 11 PageID #: 151

(6th Cir. 2006) ("Intentional misrepresentation is analyzed as a claim for fraud under Tennessee law.")).

Plaintiff's complaint fails to state a claim for promissory fraud under Rule 9(b) for the same reasons its negligent misrepresentation claim fails. Plaintiff alleges when Defendant promised to negotiate in good faith regarding the loan, it did not intend to perform that promise. (*Id*. ¶ 49–50.) This does not constitute a claim of a fraudulent scheme. Additionally, the specific date of Plaintiff identifies for the alleged fraud post-dates Plaintiff's purported detrimental reliance.

Plaintiff also fails to satisfy the Rule 8 plausibility requirement for the claim of promissory fraud. Plaintiff does not allege Defendant represented an anticipated date of loan closure, purported to supply a complete list of loan requirements, or made any other specific promise. Plaintiff alleges only that Defendant made statements of intention regarding future events, which are not actionable, "regardless of whether they later prove to be false." *See Hyden*, No. 1:20-cv-119, 2021 U.S. Dist. LEXIS 249968, at *13-14. It is insufficient for Plaintiff to allege Defendant made a promise but did not follow through. Proof of fraudulent intent requires more. *See Burgess*, No 3:18-cv-119, 2019 U.S. Dist. LEXIS 237637, at *37. Plaintiff fails to plead facts to demonstrate Defendant made a promise without intending to carry it out.

Plaintiff does not state a claim of promissory fraud that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, the Court will **GRANT** the motion for judgment on the pleadings as to Plaintiff's promissory fraud claim, which will be **DISMISSED**.

C. **Promissory Estoppel**

Promissory estoppel is an equitable doctrine not liberally applied in Tennessee. *Daly v. Wacker-Chemie AG*, No. 1:13-cv-382, 2014 U.S. Dist. LEXIS 105336, at *43 (E.D. Tenn. Aug. 1, 2014) (citing *Chavez v. Broadway Elec. Serv. Corp.*, 245 S.W.3d 398, 406 (Tenn. Ct. App. 2007)).

9

A promissory estoppel claim is based on a "promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance." *Id.* (citing *Alden v. Presley*, 637 S.W.2d 862, 864 (Tenn. 1982)).

The elements of promissory estoppel are (1) a promise was made; (2) the promise was unambiguous and not unenforceably vague; and (3) the plaintiff reasonably relied on the promise to the plaintiff's detriment. *Id.* (citing *Chavez*, 245 S.W.3d at 404). "The reason for the doctrine is to avoid an unjust result, and its reason defines its limits. No injustice results in refusal to enforce a gratuitous promise where the . . . promisee's action in reliance was unreasonable or unjustified by the promise." *Id.* (quoting *Barnes & Robinson Co. v. Onesource Facility Servs.*, 195 S.W.3d 637, 645 (Tenn. Ct. App. 2006).

"The key element in finding promissory estoppel is . . . the promise." *Chapman v. S. Nat. Gas Co.*, 477 F. App'x 331, 333 (6th Cir. 2012) (quotation and citation omitted). "[A] representation differs from a promise." *Roane Cty. v. Jacobs Eng'g Grp., Inc.*, No. 3:19-cv-206-TAV-HBG, 2020 U.S. Dist. LEXIS 180618, at *9 (E.D. Tenn. Sep. 30, 2020) (quotation and citation omitted). An expression of intent does not necessarily constitute an unambiguous promise. *See e.g. Chapman v. S. Nat. Gas Co.*, 477 F. App'x 331, 333 (6th Cir. 2012) (comments concerning potential start date indicated intent to activate employment, but did not constitute an unambiguous promise to do so) (citing *Shedd v. Gaylord Entm't Co.*, 118 S.W.3d 695, 696, 700 (Tenn. Ct. App. 2003) (promissory estoppel did not apply even though plaintiffs had been given start dates)); *Amacher v. Brown-Forman Corp.*, 826 S.W.2d 480, 482 (Tenn. Ct. App. 1991) (promise that plaintiff "w[as] to have a continuing supply of thick stillage" was unenforceably vague).

Where promissory estoppel allegations hinge on an allegation of a type of fraud or mistake, such allegation gives rise to heightened pleading requirements under Rule 9(b). *See Cornerstone Church of Nashville, Inc. v. GuideOne Ins.*, No. 3:20-cv-00956, 2021 U.S. Dist. LEXIS 210355, at *19 (M.D. Tenn. Nov. 1, 2021) (citing *LeBlanc v. Bank of Am., N.A.*, No. 2:13-CV-02001-JPM, 2013 U.S. Dist. LEXIS 85011, 2013 WL 3146829, at *13 (W.D. Tenn. June 18, 2013) (applying Rule 9(b) to promissory estoppel claim)).

Here, Plaintiff's complaint fails under Rule 9(b) for the same reasons it fails to state claims of negligent misrepresentation and promissory fraud. Additionally, Plaintiff's complaint fails to identify an unambiguous promise made by Defendant. Defendant's expression of intent to close the loan and promise to negotiate in good faith are unenforceably vague and do not support a claim of promissory estoppel. *See Chapman*, 477 F. App'x at 333.

Plaintiff does not state a claim of promissory estoppel that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, the Court will **GRANT** the motion for judgment on the pleadings as to Plaintiff's promissory fraud claim, which will be **DISMISSED**.

## IV. CONCLUSION

Because Plaintiff fails to state a claim for relief, the Court will **GRANT** Defendant's motion for judgment on the pleadings (Doc. 21).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**